# 24-982-cv

## United States Court of Appeals
### for the
## Second Circuit



Cavalier D. Knight

*Plaintiff-Appellant,*

-v-

CITY OF NEW YORK, and EDWARD A. CABAN, as the Statutorily Designated Handgun Licensing Officer and the POLICE COMMISSIONER OF THE CITY OF NEW YORK, and his successors in office,

*Defendants-Appellees*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**LETTER MOTION IN OPPOSITION**

Cavalier D. Knight, *Pro Se*
511 W 165th St Ste 627
New York, NY 10032-0634
T: +1 (646) 580-7801
E: info@cavalierknight.com

# TABLE OF CONTENTS

1) TABLE OF AUTHORITIES ........................................................... ii
   (1) Transcript: The City ............................................................ 3
   (2) Transcript: Mag. V. Figueredo ............................................. 4
   (3) *Bruen's* Unqualified Command ................................................. 6
   (4) Original Complaint - 22-cv-10755 ........................................ 7
   **(a) 2nd Amendment** ................................................................ 7
   (5) Handguns are Bearable Arms ................................................ 7
   **(6) FIFTH CAUSE OF ACTION** ................................................. 8
   (7) Knight's Prayer for Relief in Part Requested ...................... 10
   (8) Conclusion of Law .............................................................. 14

1) **TABLE OF AUTHORITIES**

**Cases**

*Caetano v. Massachusetts*, 577 U.S. 411 (2016) ...................................... 7

*Christian v. James*, 1.22-cv-00695 (2024) ............................................. 11

*District of Columbia v. Heller,* 554 U.S. 570, 582, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) ............................................................................ 7

*Dred Scott v. Sandford*, 60 U.S. 393 (1857) ............................................. 3

*Knight v. City of New York, et al* 22-cv-10755 ........................................ 2

*McDonald v. Chicago,* 561 U.S. 742, 750, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) ........................................................................................ 7

*Murdock v. Pennsylvania,* 319 U.S. 105 (1943) ...................................... 7

*Nken v. Holder*, 556 U.S. 418, 434 (2009) ............................................. 11

*Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 48 (2d Cir. 2020) ............................................................................................. 11

1. In response to the Appelle's request to stay the appeal pending the final determination of the new rule. Even upon a final determination of this rule it only resolves the issue of how many arms may be listed on a state Carry License (state CL) it would not moot this case whereas a case or controversy still exists.

2. It does not address the additional claim that previously Knight and citizens who intend to <u>acquire possess</u> and publicly <u>carry</u> arms for self-defense which is "<u>conduct presumptively protected by the plain text of the 2nd Amendment</u>." Could only list **(2)** of their bearable arms on a state CL and out of those **(2)** bearable arms could only <u>bear</u> **(1)** arm at a time.

3. Now you can list additional arms on a state CL but you still can only <u>bear</u> **(1)** of those arms at a time. Whereas <u>bearing</u> arms (plural) is "<u>conduct presumptively protected by the plain text of the 2nd Amendment</u>" and the precedents set in <u>Heller</u> and <u>Bruen</u>.

4. It also does not address the additional claim that Knight and citizens who intend to <u>acquire possess</u> and publicly <u>carry</u> arms for self-defense which is "<u>conduct presumptively protected by the plain text of the 2nd Amendment</u>."

**5.** Are prohibited from doing so with a state Residence Premises License (state RPL) which prohibits the *carrying* of any arms whatsoever which *facially and as-applied* violates the 2nd Amendment and the precedents set in *Heller* and *Bruen*.

**6.** **1)** 38 R.C.N.Y. § 5-25 (a) states "**The following are the rules concerning handgun acquisition**" and **2)** a state RPL is a "*restricted type of license*" that **de facto** prohibits *carrying* any arms. Because it "*confines the right to 'bear' arms to the home nullifying half of the 2nd Amendment's operative protections*" in violation of the holdings in *Heller* and *Bruen*.

> **(a) Justice Thomas (*Bruen*):** "This definition of "**bear**" naturally encompasses public "**carry**." Most gun owners do not wear a holstered pistol at their hip in their bedroom or while sitting at the dinner table. Although individuals often "**keep**" firearms in their home, at the ready for self-defense, most do not "**bear**" them in the home beyond moments of actual confrontation. **To confine the right to "bear" arms to the home would nullify half of the Second Amendment's operative protections**."

**7.** The Appellees also stated within the *lower court see, Knight v. City of New York, et al* 22-cv-10755 that if Knight's conduct is protected by the plain text of the 2nd Amendment. It would be up to the City to identify historical analogues.

~ 2 ~

8. Knight's constitutional rights are a birthright. The City's implication that Knight an African-American has to provide a **burden of proof** to validate his 2nd Amendment rights is **discriminatory**. And *facially and as-applied* violates his 2nd and 14th Amendment rights which is as *repugnant* to the Constitution as the unconstitutional violations faced by *Dred Scott*. *See*, *Dred Scott v. Sandford*, 60 U.S. 393 (1857).

**(1) Transcript: The City**

**(a)** And our argument is directed at the first step of the *Bruen* test. **You're correct that if plaintiff satisfies his pleading burden at the first step, then it would be up to the City to identify historical analogues**. But *Bruen* also requires a first step. **And at that first step, the plaintiff must identify his or her proposed course of conduct** and show through the text of the Second Amendment that that (*sic*) proposed course of conduct finds protection in the text of the Second Amendment.

**(b) And our argument is that this is not core Second Amendment conduct, and it doesn't implicate the Second Amendment**. **[Complaint - Ex 02] | p. 04 - 09-21**

9. The Appellees have stated on the record that Knight's *acquisition* and *possession* of arms to *carry* publicly for self-defense which is "*conduct presumptively protected by the plain text of the 2nd Amendment*" "**does not implicate the 2nd Amendment**." However, the *lower court* already determined that there was no dispute that Knight's "*conduct was protected by the plain text of the 2nd Amendment*."

**(2) Transcript: Mag. V. Figueredo**

**(a)** "But I wanted to talk through that a bit, because my understanding of the landscape **post-_Bruen_ is that there really is no dispute here that the conduct he's challenging would be at the core of what the Second Amendment protection is**. And my understanding of the test following _Bruen_ is that it would be the government's burden to identify a historical analogue that would be, not the twin of whatever the city regulation, but something analogous to that dates back, you know, a regulation from the time of the founding or sometime near then. **But it struck me from the briefing, from the City's motion, that it almost was pointing to Knight, and it seemed to shift the burden on him to explain why the regulation was somehow infringing his rights**."

**(b)** "And so, you know, we spent some time looking at cases to see if there was anything, like, factually similar, and we didn't find anything." **Complaint Ex 02 | p. 02: 19-25 | p. 03: 1-20**

10. 38 - R.C.N.Y. § 5-25 (d)(4)(i) regulates the _acquisition possession_ and public _carrying_ of arms for self-defense striking at the **core** of the right. Every restriction the City places on "_conduct presumptively protected by the plain text of the 2nd Amendment_." Requires the City to satisfy the same **burden of proof** by producing laws analogous to the ratification of the 2nd Amendment in 1791. As a **matter of law**, the City has failed to satisfy its **burden of proof** under _Bruen_.

11. The City can not imply that because they have allowed citizens some minor relief to exercise their 2nd Amendment rights by now adding more arms to a state CL. That the prohibition of bearing arms on a state RPL is countered by the bearing of arms on a state CL. Therefore a state RPL is now immune from the precedents set in <u>Heller</u> and <u>Bruen</u> and the 2nd Amendment right to <u>keep and bear</u> arms (plural).

12. These two licenses are mutually exclusive and cannot coexist. The U.S. Supreme Court has determined that arms ownership can be licensed. Although citizens can choose not to acquire a license or possess any arms. There is no constitutional right to **not** keep and bear arms that requires a state RPL to prohibit the keeping and bearing of arms.

13. No condition supports issuing a state RPL that prohibits the constitutional right to keep and bear arms. The City cannot continue to issue nor maintain any issued state RPLs that prohibit conduct that is presumptively protected by the plain text of the 2nd Amendment.

14. I still possess an unconstitutional state Residence remise License which prohibits the bearing of any arms and a state CL still limits how many arms can be carried at a time.

### (3) *Bruen's* Unqualified Command

**(a)** In any event, *Bruen* asks a strictly textual question with only one answer: the 2nd Amendment's plain text covers *carrying* arms. Because the Constitution presumptively protects *carrying* arms, a state RPL's constitutionality hinges on whether regulations prohibiting publicly *carrying* arms for self-defense (i.e., [38 - R.C.N.Y. § 5-25 (d)(4)(i)]) are consistent with the Nation's historical tradition of firearm regulation.

**(b)** Fortunately, the plain text analysis is not difficult because the Supreme Court has already defined the key terms of the guarantee that "*the right of the people to keep and bear arms, shall not be infringed*." Here are **(4)** of those definitions:

**(1)** "The people" facially means "all Americans," *Heller*.

**(2)** "Arms" facially means "all instruments that constitute bearable arms."

**(3)** "Keep Arms" facially means "have weapons," *Heller*.

**(4)** "Shall not be infringed" facially means that the right conferred by the 2nd Amendment is an "unqualified command," *Bruen*.

**15.** Any references to Title 38 - RCNY § **5-25 (d)(i)** in the original complaint were allowed to be corrected by the *lower court* to Title 38 - RCNY § 5-25 (d)**(4)**(i).

### (4) Original Complaint - 22-cv-10755

**16.** How can Defendants prohibit law-abiding citizens from carrying their handguns in public in violation of the 2nd Amendment right to *keep and bear arms* for self-defense? "No state shall convert a liberty into a license, and charge a fee, therefore." *See,* <u>Murdock v. Pennsylvania</u>, 319 U.S. 105 (1943).

### (a) 2nd Amendment

**a)** The 2nd Amendment states; A well regulated Militia, being necessary to the security of a free State, the right of the people to keep <u>***and***</u> bear Arms, shall not be infringed.

**b)** The 2nd Amendment does not state; A well regulated Militia, being necessary to the security of a free State, the right of the people to keep <u>***and/or***</u> bear Arms, shall not be infringed.

### (5) Handguns are Bearable Arms

**17.** The 2nd Amendment's protections apply to all bearable arms. "The Court has held that "the 2nd Amendment extends, *prima facie*, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding," <u>District of Columbia v. Heller,</u> 554 U.S. 570, 582, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), and that this "2nd Amendment right is fully applicable to the States," <u>McDonald v. Chicago,</u>

561 U.S. 742, 750, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010). *See*, <u>Caetano v. Massachusetts</u>, 577 U.S. 411 (2016)." **Compl p. 16**

### (6) FIFTH CAUSE OF ACTION

**2nd AMENDMENT, 42 U.S.C. § 1983, NY CIVIL RIGHTS LAW § 4,**

18. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint;

19. Title 38 - RCNY § 5-25(d)(4)(i), by design was created with the intent to restrict the right to *keep and bear arms* which substantially burdens and violates the pre-existing individual rights protected by the 2nd Amendment, to wit, the right to *keep and bear arms* for self-defense, and therefore violates the Supremacy Clause;

20. Title 38 - RCNY § 5-25(d)(4)(i) mandates that law-abiding citizens must possess a state RPL to *keep arms* and a state CL to *bear arms*. However, only two handguns can be carried on a state CL. And no handguns on a state RPL can be carried outside of the home in violation of the 2nd Amendment right to *keep and bear arms* for self-defense. However, under <u>Bruen</u>, there is no historical analogue requiring the possession of both a state RPL to *keep arms* and a state CL to *bear arms*;

~ 8 ~

**(a) Correction:** *only* two handguns were originally allowed to be listed on a state CL. The new rule allows more than **(2)** handguns to be listed on a state CL. But you can only bear **(1)** handgun at a time not **(2)** or more.

21. Title 38 - RCNY § 5-25 (d)(4)(i), should be enjoined and stricken as unconstitutional on its *face*, and *as applied* to Knight and/or all law-abiding citizens as it violates preexisting rights protected by the 2nd Amendment, and NY Civil Rights Law § 4, therefore Knight and/or all law-abiding citizens are entitled to preliminary and permanent injunctive relief against such laws, customs, policies, and practices, by infringing on the right to *keep and bear arms* in public in these ways, the City of New York laws and regulations discussed in the foregoing allegations violate the 2nd Amendment, the Takings Clause, and the Due Process and Equal Protection Clauses of the 14th Amendment; and are therefore invalid. **Compl p. 20**

22. Therefore an emergency rule that merely allows more than **(2)** arms to be listed on a state CL only affects that part of Knight's claim. It does not moot this case because;

> **(a)** Knight requested "injunctive relief against such laws, customs, policies, and practices, that infringe on the right to *keep and bear* arms in public." The issuance and possession of a state RPL prohibiting bearing any arms for any purpose whatsoever. And a state CL that prohibits and limits the

amount of arms that can be carried on a state CL. Are initiated by "**laws, customs, policies, and practices, that infringe on the right to keep and bear arms in public in these ways**." These codes and rules were requested to be enjoined and have not yet been addressed under *Bruen*.

23. The *lower court* also ORDERED that Knight's claims under the 2nd Amendment and NY Civil Rights Law § 4 be dismissed with prejudice. Knight was unaware that constitutional rights could be dismissed with prejudice. This matter has also not been addressed.

**(a)** IT IS HEREBY ORDERED that the R&R at docket entry 40 is adopted in full, Defendants' motion to dismiss is GRANTED, and Mr. Knight's claims under the Fifth and Fourteenth Amendments are DISMISSED and his claims under the Second Amendment, under Section 4, and regarding pre-emption are DISMISSED with prejudice.

**(7)** **Knight's Prayer for Relief in Part Requested**

24. Issue an ORDER enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing all related laws, regulations, policies, practices, and customs that would impede or criminalize the exercise of the right to keep and bear arms, in its entirety, or to the extent that Title 38 - RCNY § 5-25(d)(i) unconstitutionally forces all law-abiding citizens to possess a state RPL to keep arms, and a separate state CL limited to the bearing of only two handguns and prohibits the acquisition, use and/or possession

of other handguns that are in common use by law-abiding citizens for lawful purposes;

25.  Enter a declaratory judgment that Title 38 - RCNY § 5-25(d)(i) is unconstitutional facially and as applied to all law-abiding citizens by prohibiting the acquisition, of handguns that are in common use for lawful purposes, infringing on the right of the people to keep and bear arms for self-defense, **Compl p. 21 | Ex 01**

26.  *Christian v. James*, 1.22-cv-00695 (2024) the judge used the *Bruen* methodology perfectly and he opined on a stay pending appeal;

> **(a)** The State requests a fourteen-day stay pending appeal. See Dkt. 97 at 3. That request is denied. The factors "relevant to granting a stay pending appeal are the applicant's 'strong showing that he is likely to succeed on the merits,' irreparable injury to the applicant in the absence of a stay, substantial injury to the nonmoving party if a stay is issued, and the public interest." *Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 48 (2d Cir. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The first two factors "are the most critical, but a stay is not a matter of right, even if irreparable injury might otherwise result, it is an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. (internal citation and quotation marks omitted).
>
> **(b)** Here, a stay pending appeal is not warranted. As discussed above, Plaintiffs' constitutional rights are violated absent an injunction. The State has not established irreparable injury in the absence of a stay. The preliminary injunction has been in place since November 22, 2022. See Dkt. 49. The balance of hardships and public interest weigh

in favor of Plaintiffs, also as discussed above. Finally, it is Plaintiffs who have demonstrated success on the merits. **Ex 02**

27. The Appellees have already commenced an emergency rule changing the amount of arms that can be carried on a state CL. I wonder where that got that idea from? Maybe the Mayor or the NYPD Police Commissioner had an epiphany the world may never know.

28. Therefore technically Knight won on that claim. Mooting the case is just an illicit technique the City uses whenever they get close to losing at a higher court. They are trying to move the goalpost by mooting Knight's claims to prevent this court from concluding the same on the record.

> **(a)** <u>**Justice Thomas:**</u> In keeping with <u>Heller</u>, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply *posit* that the regulation promotes an important interest, <u>Bruen</u>, 142 S.Ct. at 2126.
>
> **(a)** <u>**Justice Thomas (*Bruen*):**</u> "In keeping with <u>Heller</u>, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply *posit* that the regulation promotes an important interest, <u>Bruen</u>, 142 S.Ct. at 2126. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct

falls outside the Second Amendment's 'unqualified command.'"

**(a)** **Justice Thomas (*Bruen*):** "This definition of "**bear**" naturally encompasses public "**carry**." Most gun owners do not wear a holstered pistol at their hip in their bedroom or while sitting at the dinner table. Although individuals often "**keep**" firearms in their home, at the ready for self-defense, most do not "**bear**" them in the home beyond moments of actual confrontation. **To confine the right to "bear" arms to the home would nullify half of the Second Amendment's operative protections**."

**(a)** **Justice Thomas (*Bruen*):** Many Courts of Appeals have coalesced around a "*two-step*" framework for analyzing 2nd Amendment challenges that combines history with means-end scrutiny, Justice Thomas notes in the *Bruen* majority opinion. "*Today, we decline to adopt that two-part approach*."

**(b)** "Moreover, *Heller* and *McDonald* expressly rejected the application of any 'judge-empowering "interest-balancing inquiry" that, "asks whether the statute burdens a protected interest in a way or to an extent that is out of proportion to the statute's salutary effects upon other important governmental interests."' *Heller*, 554 U.S., at 634 (quoting *id.*, at 689–690 (BREYER, J., dissenting)); *see, also McDonald*, 561 U.S., at 790–791 (plurality opinion) (the Second Amendment does not permit let alone require 'judges to assess the costs and benefits of firearms restrictions' under means-end scrutiny). We declined to engage in means-end scrutiny because '[t]he very enumeration of the right takes out of the hands of government even the Third Branch of Government the power to decide on a case-by-case basis whether the right is really worth insisting upon.' *Heller*, 554 U.S., at 634. We then concluded: '**A constitutional guarantee subject to future judges' assessments of its usefulness is no constitutional guarantee at all**.' *Ibid.*"

**(a) Justice Thomas (*Bruen*):** We have little difficulty concluding that it does. **Nothing in the Second Amendment's text draws a home/public distinction with respect to the right to keep and bear arms**. As we explained in *Heller*, the "textual elements" of the Second Amendment's operative clause— "the right of the people to keep and bear Arms, shall not be infringed"—"guarantee the individual right to possess and carry weapons in case of confrontation."

**(a) Justice Thomas (*Bruen*):** Applying that new and more stringent standard to the New York proper-cause requirement, Justice Thomas found that the challengers' desire to carry a handgun in public for self-defense fell squarely within the conduct protected by the 2nd Amendment. **The amendment's text does not distinguish between gun rights in the home and gun rights in public places**, Thomas observed. Indeed, he suggested, the Second Amendment's reference to the right to "*bear*" arms most naturally refers to the right to *carry* a gun outside the home.

### (8) Conclusion of Law

**29.** In the absence of historical tradition in support of the City's restriction(s), that prohibit bearing arms on a state RPL and restricting the number of arms that can be carried on a state RPL there is no genuine issue for trial. Indeed, on this record, the restriction(s) violate the rights of individuals to keep and bear arms for self-defense outside of their homes. Judgment for Plaintiff on these issues, therefore, is required.

**30.** Respectfully this Court should not grant a stay. But if it gave the Appellees a 50-year stay. During the lower court proceeding the City did not submit **(1)** analogous law from the founding era in 1791. If the City had any analogous laws they would have already provided them and ended this appeal the day after Knight submitted it. The City and many others have had multiple 2nd Amendment cases since <u>Bruen</u>. If there were any analogues to be found they would have a spreadsheet available with every analogous 1791 defense possible.

**31.** However under the holding in <u>Bruen</u>, all 2nd Amendment restrictions must be supported by analogous laws from the founding era in 1791. If the City cannot make this demonstration, the restrictions 38 - R.C.N.Y. § 5-25 (d)(4)(i) are **unconstitutional**, full stop. No interest-balancing or levels-of-scrutiny analysis **can or should** be conducted.

Dated: September 15, 2024  
New York, New York

Respectfully submitted,

/s/ Cavalier D. Knight
--------------------------------
Cavalier D. Knight  
511 W 165th St Ste 627  
New York, NY 10032-0634  
+1 (646) 580-7801  
info@cavalierknight.com

~ 15 ~

## (9)    CERTIFICATE OF COMPLIANCE

**(a)** I hereby certify that this brief was prepared using Microsoft Word, and according to that software, it contains 3,441 words, not including the table of contents, table of authorities, this certificate, and the cover.

Dated:     September 15, 2024          Respectfully submitted,
                 New York, New York

                                                       /s/ Cavalier D. Knight

                                                   Cavalier D. Knight
                                                   511 W 165th St Ste 627
                                                   New York, NY 10032-0634
                                                   +1 (646) 580-7801
                                                   info@cavalierknight.com